**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAKE Z. SCHRUM; RUBY E. SCHRUM;
DANNIE L. SCHRUM; JEANETTE V.
SCHRUM; DONALD L. MOORE; JUDITH
A. MOORE,

Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent-Appellee.

No. 95-2909

Appeal from the United States Tax Court.
(Tax Ct. No. 91-4859)

Argued: November 1, 1996

Decided: June 6, 1997

Before WILKINSON, Chief Judge, and RUSSELL and
WIDENER, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

**ARGUED:** Donald L. Moore, Hampton, Virginia, for Appellants.
Ernest Joseph Brown, Tax Division, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:**
Loretta C. Argrett, Assistant Attorney General, Gary R. Allen, Ken-
neth L. Greene, Randolph C. Hutter, Tax Division, UNITED

STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants-taxpayers Jake Schrum, Dannie Schrum and Donald Moore were the general partners of Peninsula Enterprises, a Virginia partnership. During the tax years 1984 to 1987, Peninsula constructed or acquired eight carwashes and operated them as its primary business. The general partners each filed joint tax returns with their respective wives, who are also parties to this action. The taxpayers claimed investment tax credits and accelerated depreciation deductions in connection with the carwashes. The Commissioner of the I.R.S. disallowed portions of these claimed credits and deductions. In addition, the Commissioner assessed negligence and overstatement penalties against the Schrums. The taxpayers filed a joint petition in tax court challenging the Commissioner's determinations. Following a trial, the tax court upheld the Commissioner's determinations and the taxpayers appealed.

In our first opinion involving these parties, Schrum v. Commissioner ("Schrum I"), this court found in favor of the taxpayers on two issues.[1] First, we vacated the Commissioner's allocation of certain equipment costs and remanded the case for a new examination of these and other allocations.[2] Second, we remanded the case for further

_____

[1] 33 F.3d 426 (4th Cir. 1994).

[2] Id. at 435-37.

2

proceedings concerning the negligence penalties assessed against the Schrums.[3]

On remand, the tax court issued a supplemental memorandum opinion implementing our holding in Schrum I. The Commissioner then recalculated the income tax deficiencies and additions to tax owed by the taxpayers. The tax court adopted the Commissioner's computation over the objections of the taxpayers.

The taxpayers again appeal the tax court's judgment, contending that the tax court did not properly re-allocate the cost of the car-washes' plumbing and electrical systems. They also allege the tax court erred in upholding certain aspects of the Commissioner's deficiency computations and the imposition of negligence penalties against the Schrums.

The only issue that requires exposition is whether the tax court properly re-allocated the cost of the plumbing and electrical systems. The reasoning of our original decision is fully explicated in Schrum I.[4] In brief, during the years in question, property defined as "Section 38 property" could be used to take an investment tax credit.[5] Any tangible personal property, including non-structural property classifiable as equipment, qualified as Section 38 property. The Commissioner originally allocated what it described as 60% of the cost of the plumbing systems and 50% of the cost of the electrical systems in the constructed carwashes to the category of carwash equipment. The remainder of the costs in these two categories, plus associated costs for engineering, meters, connection fees and part of the installation of the systems, were allocated as structural property. The taxpayers argued that the plumbing and electrical systems should be allocated as non-structural property. Based on our decision in A.C. Monk & Co. v. United States,[6] we agreed, finding that the costs could not be

_____

[3] Id. at 437-38.

[4] Id. at 435-37.

[5] But see id. at 429 n.4 (investment tax credit repealed in 1986 but Commissioner failed to challenge the taxpayers' claims to credits for property placed in service after Dec. 31, 1985).

[6] 686 F.2d 1058 (4th Cir. 1982).

3

divided and "the tax court should allocate the components in question entirely as non-structural."[7] We also instructed the tax court to re-examine any similar allocations for the purchased carwashes.

There are two possible interpretations of our opinion in Schrum I. The more unlikely one, embraced by the tax court and the Commissioner, is that on remand the tax court was to re-allocate as non-structural only those costs originally labeled by the Commissioner as plumbing and electrical. This interpretation, however, is far too limited. Although Schrum I initially discussed the Commissioner's splitting of the costs for plumbing and electrical equipment, our final holding encompassed the entire plumbing and electrical systems. The following key sentences illustrate the breadth of our decision:

> The allocation of expenses adopted by the Commissioner and endorsed by the tax court necessarily assigns portions of the various components of the carwash facilities to the car wash structures [which are] inherently permanent in nature. We see no reason why our proscription against allocating an electrical system in part to a building would not extend to barring allocations which assign portions of various systems to inherently permanent structures.[8]

We suspect that the tax court and the Commissioner are deliberately staring at trees in order to lose sight of the forest. Schrum I held that the entire plumbing and electrical systems must be allocated as non-structural property, even though it did not examine the individual allocation of any associated costs.

It is undisputed that the overall cost of the plumbing and electrical systems included the associated costs for engineering, meters, connection fees, and part of the installation. Although these associated costs were properly assigned to one category, they were assigned to the wrong category. Based on our determination in Schrum I that the electrical and plumbing systems are, in their entirety, non-structural property, the tax court should have re-allocated the overall cost of the

_____

[7] **Schrum**, 33 F.3d at 436.

[8] **Id.**

4

plumbing and electrical systems, including the associated costs, as non-structural. Accordingly, we remand this case to the tax court for a re-allocation of the cost of the plumbing and electrical systems and a recalculation of the appellants' tax liability. Schrum I also instructed the tax court to re-examine the allocation of costs in regard to both the constructed and purchased carwashes. We agree with the tax court's subsequent finding that the taxpayers are entitled to allocate the costs of the purchased carwashes based on the same percentages as the constructed carwashes.

The taxpayers also contend that certain aspects of the Commissioner's deficiency computations, and the imposition of negligence penalties against the Schrums, were erroneously upheld by the tax court. Having carefully reviewed the record, considered the submissions of the parties, and heard oral argument, we find these claims meritless.

For the foregoing reasons, the judgment of the tax court is affirmed in part and vacated in part. The case is remanded to the tax court for further proceedings consistent with this opinion.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

5